CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 0 3 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANA TOKLEY, ) | |
| Plaintiff, ) | Civil Action No. 7:07CV00109 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| D. RATLIFF et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff, Dana Tokley, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against the following defendants: Officer D. Ratliff, Officer S. Owens, Officer M. Mitchell, Sergeant Hatfield, Terry Glenn, Gene M. Johnson, and Inspector Crawl. Although currently incarcerated at Wallens Ridge State Prison ("WRSP"), Tokley's action is based on events that allegedly occurred while he was in custody at Keen Mountain Correctional Center ("KMCC").

Tokley claims that Officers Ratliff and Owens called him a "nigger" on October 20, 2006 (Claim A); Officers Ratliff and Owens verbally harassed him on November 5, 2006 (Claim B); Officers Ratliff threatened to break his neck (Claim C); Officer Mitchell used excessive force against him with an electronic shock belt while he was being transported to "Plaski"[sic] (Claim D); Sergeant Hatfield, Inspector Crawl, Terry Glenn, and Gene Johnson failed to protect him from being assaulted, discriminated against, harassed, and threatened by the other defendants (Claim E); Officer Ratliff used excessive force when he "slammed" him to the floor and called him a "nigger boy" (Claim F); and Officer Ratliff "trashed" his legal papers (Claim G). Tokley seeks to have the defendants pay for the alleged damage to his jaw and eye; therapy for his back, kidneys, and leg muscles; monetary damages for the alleged racial discrimination and excessive force; and injunctive relief in the form of a court-ordered transfer to an institution in New Jersey.

For the reasons stated, I find that Claims A, B, and C fail to state a claim upon which relief may be granted. Therefore, I am dismissing these three claims pursuant to 28 U.S.C. § 1915A(b)(1).[1] I am also denying Tokley's request for injunctive relief as moot. Accordingly, only Claims D through G will go forward.

## ANALYSIS

I. Verbal Abuse: Claims A and B

As a general rule, verbal abuse of inmates by guards, without more, does not state a constitutional claim. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990). Tokley alleges that Officers Ratliff and Owens called him a "nigger" at some point after a hearing on October 20, 2006 (Claim A). Tokley also contends that on November 5, 2006, Officers Ratliff and Owens called him a "piece of shit;" addressed him as "boy," which he believes it is a racist term; and teased and harassed him by telling him that if he clicks his heels, maybe he will be back in New Jersey (Claim B). While the court certainly deplores the use of the word "nigger" or any other term that could be considered racist, Tokley has not alleged any facts that would raise Claims A or B to the level of a constitutional violation. See Keyes v. City of Albany, 594 F. Supp. 1147, 1155 (N.D.N.Y 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). In addition, Tokley contends that Officers Ratliff and Owens kicked his door during the course of this verbal harassment. However, the act of kicking a door does not raise this alleged verbal harassment to the level of a constitutional violation. Therefore, I am dismissing Claims A and B.

---

[1] Under 28 U.S.C. § 1915A(b)(1), the court shall dismiss a complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

2

## II. Officer Ratliff's alleged threat: Claim C

Tokley contends that on December 15, 2006, Officer Ratliff threatened him by stating "you ain't dead yet! I'm going to break your neck when I get a chance!" It is unclear whether Tokley offers this alleged threat as a reason for the court to grant injunctive relief and transfer him to a New Jersey institution, or if he simply believes he is entitled to damages because he was allegedly threatened. Regardless of Tokley's motivation, this alleged threat does not entitle him to relief from this court.

First, in general, claims for injunctive and declaratory relief become moot when the prisoner is no longer subjected to the conditions for which he has complained. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). Here, the alleged threat took place in KMCC and Tokley has since been transferred to WRSP. As Tokley has not alleged, and there is no evidence to suggest, that Officer Ratliff has switched jobs and is now employed as a correctional officer at WRSP, it would appear that Tokley is no longer subjected to the alleged danger of being assaulted by Officer Ratliff. Therefore, I find that Tokley is not entitled to injunctive relief based on this alleged threat.

Second, as to damages, "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." Coyle v. Hughs, 436 F. Supp. 591, 593 (W.D. Okla. 1977). However, "[v]erbal harassment or threats, with some reinforcing act accompanying them . . . may state a constitutional claim." Queen v. Kreamer, 2006 U.S. Dist. LEXIS 21016 at *8 (M.D. Pa. April, 2006). For example, in Douglas v. Marino, 684 F. Supp. 395, 398 (D.N.J. 1988), a prison official allegedly "brandished a butcher knife in front of an inmate and threatened to kill him or inflict serious bodily harm . . . ." The United States District Court for the District of New Jersey described this as "words along with action," and held that the plaintiff's allegation did state a constitutional claim because, if true, it was not a "mere threat." Id.

3

Here, there was no reinforcing physical act that went along with Officer Ratliff's alleged threat to break Tokley's neck. Officer Ratliff allegedly "open[ed] the lock on [Tokley's] port hole" just prior to making the alleged threat, which is a physical act. However, it is not the kind of reinforcing physical act contemplated under Douglas (e.g., brandishing a butcher knife in front of an inmate), and therefore does not raise the alleged threat to a constitutional violation. See id. Although Tokley also points to the fact that Officer Ratliff allegedly "slammed" him to the floor on October 20, 2006 (Claim F), this did not occur in conjunction with Officer Ratliff's alleged threat to break his neck. Therefore, although plaintiff will be allowed to go forward with the excessive force claim, the fact that Officer Ratliff allegedly "slammed" him to the floor on October 20, 2006 does not raise the alleged threat of December 15, 2006 to a constitutional violation under Queen or Douglas. Therefore, I am dismissing Claim C.

## CONCLUSION

Based on the foregoing, I hereby dismiss Tokley's claims based on verbal harassment (Claims A and B); and his claim based on a verbal threat (Claim C). As to injunctive relief, I hereby deny Tokley's request for a transfer to an institution in New Jersey as moot. Claims D through G will proceed pursuant to the conditional filing order entered March 26, 2007 (docket #8).

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This 3rd day of April, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge